NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER J. MCNAUGHTON,
JUDITH I. MCNAUGHTON,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5024

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00288-NBF, Judge Nancy B. Firestone.

---

Decided: May 13, 2015

---

CHRISTOPHER J. MCNAUGHTON, Scottsdale, AZ, pro se.

JUDITH I. MCNAUGHTON, Scottsdale, AZ, pro se.

JOHN A. NOLET, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.

Also represented by RICHARD FARBER, CAROLINE D.
CIRAOLO.

———————————

Before PROST, *Chief Judge,* BRYSON, and DYK, *Circuit Judges.*

DYK, Circuit Judge.

Judith I. and Christopher J. McNaughton (collectively, "the McNaughtons") appeal from a decision by the Court of Federal Claims (the "Claims Court") dismissing their request for a partial refund of taxes they paid in 2005 as untimely and dismissing their request for "penalties" because they failed to identify any money-mandating source of law to support that claim. We affirm.

BACKGROUND

On May 1, 2006, the McNaughtons (husband and wife) filed their joint federal tax return for 2005 and reported a tax liability of approximately $184,000. They had already made tax payments totaling $281,000, so the Internal Revenue Service ("IRS") issued a $97,000 refund. On January 7, 2010, the McNaughtons filed an amended 2005 return and sought an additional $96,300 refund. In a statement attached to their amended return, they asserted that their tax preparation software, TurboTax, failed to track and apply passive losses from 2004 and 2005 to their 2005 tax return. These passive losses resulted from losses by publicly traded partnerships that were reflected in partnership returns in 2004 and 2005. Applying these passive losses to their 2005 return, they claimed, would have decreased their tax liability by $96,300.

On April 28, 2011, the IRS denied the McNaughtons' refund claim. The IRS noted that Internal Revenue Code ("I.R.C.") § 6511(a) required that claims for refunds must

typically be filed within three years of the date of the original return, and that the McNaughtons filed their refund claim after that three-year cut-off. Thus, the IRS explained, the refund claim was time-barred.

On June 13, 2013, the McNaughtons filed a complaint in the Claims Court, seeking the claimed $96,300 refund and "penalties," alleging that the IRS's "substantive and procedural conduct has been persistently and systematically violative of Taxpayers' rights." Supp. App. 14. On August 22, 2013, the government filed a motion to dismiss, arguing that the amended 2005 return was time-barred and that the McNaughtons failed to identify any money-mandating source of law to support the claim for penalties. On August 5, 2014, the Claims Court granted the motion to dismiss with respect to both the refund claim and the penalty claim.

The McNaughtons appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We first address whether the McNaughtons' amended claim is time-barred. We conclude that it is.

The general provision governing the period of limitation for refund claims is found at IRC § 6511(a), which provides in part:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

If § 6511(a) applies, it bars the McNaughtons' claim: their amended return and refund request was filed more than three years after they filed their original return in May, 2006, and more than two years after they originally paid their 2005 tax.

The McNaughtons argue that § 6511(a) is inapplicable and that a four-year period of limitation applies to this refund claim, relying on Treasury Regulation § 301.6511(g)-1. That Treasury regulation, which is a "[s]pecial rule for partnership items of federally registered partnerships," provides a four-year period of limitation in limited circumstances:

> In the case of any tax imposed by subtitle A with respect to any person, the period for filing a claim for credit or refund of any overpayment attributable to any partnership item of a federally registered partnership shall not expire before . . . [t]he date which is 4 years after the date prescribed by law (including extensions thereof) for filing the partnership return for the partnership taxable year in which the item arose . . . .

Treas. Reg. § 301.6511(g)-1(a). The 2005 partnership returns were due by April 15, 2006. According to the McNaughtons, their claim for refund was timely pursuant to § 301.6511(g)-1(a): they needed to have filed their amended return by April 15, 2010 (four years after the partnership returns were due on April 15, 2006), and they met that deadline by filing in January 2010.

Even assuming the losses the McNaughtons claim fall within the meaning of "partnership items" under § 301.6511(g)-1(a), § 301.6511(g)-1 is, by its own terms, inapplicable here. Subsection (e) provides: "The provisions of this section are effective generally for partnership items arising in partnership taxable years beginning after

December 31, 1978 and before September 4, 1982." Treas. Reg. § 301.6511(g)-1(e). The passive losses at issue here resulted from the sale of publicly traded partnerships in 2004 and 2005. Because these (purported) partnership items did not "aris[e]" between December 31, 1978, and September 4, 1982, they are not subject to the four-year period of limitation set forth in § 301.6511(g)-1(a).

The McNaughtons argue that § 301.6511(g)-1 was intended to have prospective effect, citing the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248 § 407, 96 Stat. 324, 670 (1982). Section 407 of that Act provides: "the amendments made by sections 402, 403, and 404 shall apply to partnership taxable years beginning after the date of the enactment of this Act." Pub. L. No. 97-248 § 407. But Treas. Reg. § 301.6511(g)-1 is not codified by sections 402, 403, or 404. Section 407's prospective language thus has no effect on Treas. Reg. § 301.6511(g)-1. Treas. Reg. § 301.6511(g)-1(a) does not apply, and the McNaughtons can point to no other statutory provision providing for a period of limitation longer than three years.

We next turn to the McNaughtons' claim for penalties. The Tucker Act grants jurisdiction to the Claims Court only "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It does not itself create a substantive cause of action. "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). In their briefing, the

McNaughtons point to no such substantive law creating a right to money damages. Absent an affirmative money-mandating statute, the Claims Court did not have jurisdiction to adjudicate the damages claim.

We have considered the McNaughtons' other arguments and find them to be without merit.

**AFFIRMED**